1  MATTHEW R. OAKES
   CHERYL MACKAY
2  United States Department of Justice
   Environment and Natural Resources Division
3  Law and Policy Section
       Ben Franklin Station, P.O. Box 7415
4      Washington, D.C. 20044
       (202) 514-2686
5      (202) 514-4231 (fax)

6  Counsel for the United States

7              UNITED STATES DISTRICT COURT

8           FOR THE CENTRAL DISTRICT OF CALIFORNIA

                     SOUTHERN DIVISION
9

10 | GARY LUNSFORD,                  | Case No. 2:16-cv-08373-PA
   |                                 |
   |     Plaintiff,                  | **UNITED STATES' MOTION TO**
11 |                                 | **INTERVENE FOR THE LIMITED**
   |     v.                          | **PURPOSE OF ADDRESSING ENTRY**
12 |                                 | **OF PROPOSED CONSENT**
   | ARROWHEAD BRASS                 | **JUDGMENT**
   | PLUMBING and ARROWHEAD          |
13 | BRASS & PLUMBING, LLC           |
   |                                 | Date: July 16, 2018
14 |     Defendants.                 |
   |                                 | Time: 1:30 PM
15 |                                 |
   |                                 | Location: First Street Courthouse,
16 |                                 | 350 W. 1st St., Courtroom 9A,
   |                                 |
   |                                 | Complaint Filed: November 10, 2016
17

18

19

20

The United States hereby moves the Court pursuant to Federal Rule of Civil Procedure 24(b)(2) for leave to intervene for the limited purpose of addressing entry of the proposed consent judgment in this matter.

Federal Rule 24(b)(2) provides for permissive intervention by "a state or federal officer or agency to intervene if a party's claim or defense is based on: (A) A statute or executive order administered by the officer or agency." The Environmental Protection Agency administers the Clean Water Act, which is the basis for plaintiff's claim in this matter.

Federal Rule 24(b)(3) provides for the court to consider, in exercising its discretion to grant intervention, "whether the intervention will unduly delay or prejudice the adjudication of the original party's rights." The Clean Water Act provides that "no consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator." 33 U.S.C. 1365(c)(3). As this provision demonstrates, Congress intended that the United States should have the opportunity to review proposed consent judgments in Clean Water Act citizen suits, and object if necessary. See *Sierra Club v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1352 n.2 (9th Cir.1990) (explaining that if the United States "finds that the proposed judgment is not in accordance with the

1 Act, the United States can object" to entry of the consent judgment).  As set forth
2 in the accompanying brief, the United States' seeks to intervene in order to address
3 the adequacy of the proposed consent judgment in this matter, and takes the
4 position that the consent judgment should not be entered.  Because the United
5 States is fulfilling a statutory function prescribed by Congress, intervention will
6 not lead to undue delay or prejudice, and should be granted.

                                    Respectfully submitted,

                             _/s/ Matthew R. Oakes_
                            Matthew R. Oakes, Attorney
                            Cheryl Mackay, Attorney
                            United States Department of Justice
                            Environment and Natural Resources Division
                            Law and Policy Section
                            P.O. Box 7415
                            Washington, D.C.  20044
                            (202) 514-2686

**PROOF OF SERVICE**

On this 18th day of June 2018, UNITED STATES' MOTION TO INTERVENE FOR LIMITED PURPOSE OF ADDRESSING ENTRY OF PROPOSED CONSENT JUDGMENT was served on counsel of record by electronic filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 18th day of June, 2018.

                                               */s/ Matthew R. Oakes*
                                               Matthew R. Oakes, Attorney
                                               United States Department of Justice
                                               Environment and Natural Resources Division
                                               Law and Policy Section
                                               P.O. Box 7415
                                               Washington, D.C.  20044
                                               (202) 514-2686